UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

_____
ERNESTO ANTONIO FERNANDES, JR.,   )
       and                                                         )
RONEI TEOTONIO DEOLIVEIRA,             )
       Plaintiffs                                                  )
                                                                    )
v.                                                                  )
                                                                    )   CIVIL ACTION
QUARRY HILLS ASSOCIATES, L.P.,         )   No:
d/b/a THE TAVERN AT QUARRY HILLS,  )
WILLIAM S. O'CONNELL, and                 )
WALTER HANNON, III,                             )
       Defendants.                                              )
_____)

## COMPLAINT

1. Defendants have since at least February 1, 2006, willfully violated The Fair Labor Standards Act, 29 U.S.C. §§201 et seq. ("FLSA"), by failing to pay Plaintiffs Ernesto Antonio Fernandes, Jr. ("Fernandes") and Ronei TeoTonio DeOliveira ("DeOliveira") time and one-half their regular rates of pay for all hours worked in excess of forty per week. Plaintiffs have been classified by Defendants as exempt from the provisions of the FLSA, while at the same time being assigned by Defendants to perform duties inconsistent with exempt status.

## JURISDICTION and VENUE

2. This Court has jurisdiction over the subject matter of the Complaint pursuant to 29 U.S.C. §216(b).

3. Defendants have their principal places of business or residences in this district, such that they are subject to personal jurisdiction here. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because Defendants reside in and are subject to personal jurisdiction in this district.

4. Defendants' revenues are substantial and satisfy the commerce requirement of the FLSA. At all relevant times, Defendants had an annual gross volume of sales made or business done of not less than $ 500,000 as required by the FLSA.

## PARTIES

5. Plaintiff Fernandes is an individual who resides in Norfolk County, Massachusetts.

6. Plaintiff DeOliveira is an individual who resides in Norfolk County, Massachusetts.

7. Defendant Quarry Hills Associates, L.P. ("Quarry Hills") is a Massachusetts limited partnership with a principal place of business at 1212 Hancock Street, Quincy, Norfolk County, Massachusetts. Quarry Hills owns, operates, and/or manages The Tavern at Quarry Hills, a restaurant located on the premises of the Granite Links Golf Club, 100 Quarry Hills Drive, Quincy, Norfolk County, Massachusetts.

8. Defendant William S. O'Connell ("O'Connell") is the president of and holds an ownership interest in Quarry Hills and is thus an employer as defined by 29 U.S.C. § 203.

9. Defendant Walter Hannon, III ("Hannon") is the general manager of The Tavern at Quarry Hills and holds an ownership interest in Quarry Hills and is thus an employer as defined by 29 U.S.C. § 203.

## STATEMENT of FACTS

10. Plaintiff Fernandes began working for Quarry Hills at the Tavern at Quarry Hills as a line cook on or about February 1, 2006.

11. On November 26, 2007, Defendant O'Connell was advised by the U.S. Department of Labor that the defendants violated overtime provisions of FLSA by failing to pay overtime to 55 employees. Fernandes was terminated on November 28, 2007.

12. During his employment at the Tavern at Quarry Hills, Fernandes always worked at least 72 hours per week, but Quarry Hills failed to pay him time and one half for hours worked in excess of 40 hours. Defendants manipulated the figures on the plaintiffs' paychecks so that on some of them it appears that they were paying the overtime when in fact they were paying them only their agreed hourly rate.

13. At all times relevant hereto, Plaintiff Fenandes' responsibilities included, among other things, preparing and cooking food and cleaning the kitchen.

14. At all times relevant hereto, Plaintiff Fernandes' had no supervisory responsibilities whatsoever that would allow Defendants to properly categorize him as an exempt employee. Fernandes had no employees for whom he was

responsible, Fernandes was not responsible for any bookkeeping, nor did Fernandes have any input into hiring or firing decisions.

15. During the course of a Department of Labor ("DOL") investigation, on October 11, 2007, Plaintiff Fernandes was coerced by Defendants—under the threat of termination—into making statements to a DOL investigator which were favorable to a finding that Plaintiff was exempt from the provisions of the FLSA.

16. In the wake of the DOL investigation, Plaintiff Fernandes was terminated under the false pretense that he had stolen tens of thousands of dollars worth of inventory. The real reason for Fernandes' termination was to avoid any further inquiry into whether he was owed back wages.

17. On November 28, 2007, Defendants wrongfully employed the Quincy Police Department to intimidate Fernandes and effectuate Fernandes' termination.

18. Plaintiff DeOliveira began working for Quarry Hills at the Tavern at Quarry Hills as a line cook in July of 2006.

19. On November 26, 2007, Defendant O'Connell was advised by the U.S. Department of Labor that the defendants violated overtime provisions of FLSA by failing to pay overtime to 55 employees. DeOliveira was terminated on November 28, 2007.

20. During his employment at the Tavern at Quarry Hills, DeOliveira always worked at least 80 hours per week, but Quarry Hills failed to pay him time and one half for hours worked in excess of 40 hours.

21. At all times relevant hereto, Plaintiff DeOliveira's responsibilities included, among other things, preparing and cooking food and cleaning the kitchen.

22. At all times relevant hereto, Plaintiff DeOliveira had no supervisory responsibilities whatsoever that would allow Defendants to properly categorize him as an exempt employee. DeOliveira had no employees for whom he was responsible, DeOliveira was not responsible for any bookkeeping, nor did DeOliveira have any input into hiring or firing decisions.

23. During the course of a Department of Labor ("DOL") investigation, on October 11, 2007, Plaintiff DeOliveira was coerced by Defendants—under the threat of termination—into making statements to a DOL investigator which were favorable to a finding that Plaintiff was exempt from the provisions of the FLSA.

24. In the wake of the DOL investigation, Plaintiff DeOliveira was terminated under the false pretense that he had stolen tens of thousands of dollars worth of inventory. The real reason for DeOliveira's termination was to avoid any further inquiry into whether he was owed back wages.

25. On November 28, 2007, Defendants wrongfully employed the Quincy Police Department to intimidate DeOliveira and effectuate DeOliveira's termination.

### COUNT I (Fernandes-Failure to pay overtime)

26. By their conduct, as set forth herein, Defendants violated 29 U.S.C. §207(a) by failing to pay Plaintiff Fernandes time and one-half his regular rates for hours worked in excess of 40 hours during each workweek. Such violations of 29 U.S.C. §207(a) were repeated, willful and intentional.

27. Defendants' coercion, manipulation of the figures on the pay checks/stubs, and unlawful use of public officials for their private purpose establishes that the willful nature of said violations.

### COUNT II (DeOliveira-Failure to pay overtime)

28. By their conduct, as set forth herein, Defendants violated 29 U.S.C. §207(a) by failing to pay Plaintiff Fernandes time and one-half his regular rates for hours worked in excess of 40 hours during each workweek. Such violations of 29 U.S.C. §207(a) were repeated, willful and intentional.

29. Defendants' coercion, manipulation of the figures on the pay checks/stubs and unlawful use of public officials for their private purpose establishes that the willful nature of said violations.

### CLAIMS FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

A. Determine the damages sustained by Plaintiffs as a result of Defendants' violations of 29 U.S.C. §207(a), and award those damages against the Defendants and in favor of Plaintiffs.

B. Award Plaintiffs their costs and disbursements of this suit, including, without limitation, reasonable attorneys', accountants' and experts' fees and such interest as may be allowed by law;

C. Grant Plaintiffs such other and further relief as the Court may deem just and proper;

PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

Respectfully Submitted,
Plaintiffs, by their attorneys,

/s/ Dragan M. Cetkovic
_____
Dragan M. Cetkovic, Esq. (BBO #565828)
Jason J. Mellon, Esq. (BBO #652037)
Joyce & Cetkovic LLC
776R Washington Street
Canton, MA  02021
(781) 821-2250